FILED

2017 Sep-15  PM 03:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **SUE S. WOODS AND FRED WOODS,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No.:** |
| ) | |
| **LIBERTY NATIONAL LIFE** ) | **Removed from the Circuit Court of** |
| **INSURANCE COMPANY, and** ) | **Calhoun County, Alabama** |
| **Fictitious Defendants A, B, C, D, E,** ) | **Case No. 11-CV-2017-900449.00** |
| **F, G,  H, I, J, K, L, M, N, O, P, Q,** ) | |
| **and R whether singular or plural,** ) | |
| **being the person, firm association,** ) | |
| **partnership, limited liability** ) | |
| **company or other legal  entity that** ) | |
| **committed the acts or omissions set** ) | |
| **forth in Plaintiffs' Complaint,** ) | |
| **whose names are otherwise** ) | |
| **unknown at this time, but which** ) | |
| **will be substituted by amendment** ) | |
| **when ascertained,** ) | |
| ) | |
| **Defendants.** ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant Liberty National Life Insurance Company ("Liberty National") and, pursuant to 28 U.S.C. § 1446, gives notice of removal of the above-captioned lawsuit from the Circuit Court of Calhoun County, Alabama to the United States District Court for the Northern District of Alabama, Eastern

Division.  As grounds for removal of this case, Liberty National states that removal is proper under 28 U.S.C. §§ 1132, 1441, and 1446, and shows as follows:

## PROCEDURAL BACKGROUND

1. Plaintiffs Sue and Fred Woods filed this lawsuit on August 9, 2017, in the Circuit Court of Calhoun County, Alabama, as Case Number 11-CV-2017-900449.00 alleging against Liberty National counts for breach of contract, false statements, reckless statements, mistaken false statements, deceit, promissory fraud, and rescission.  A true and correct copy of the Complaint is found in the complete state court file for case number 11-CV-2017-900449.00 attached as Exhibit A. Plaintiffs seek an award of compensatory and punitive damages to be determined by a jury, and a refund of all premiums paid by them. *See* Ex. A, Compl., *ad damnum* of Counts I, III-VII, XIII.

2. This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Eastern Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. § 1446(a).

3. Plaintiffs served Liberty National with copies of the Summons and Complaint on August 18, 2017.  This Notice of Removal is filed within 30 days of service upon Liberty National.  Therefore, removal is timely under 28 U.S.C. § 1446(b).

4.       According to the Complaint, Plaintiffs are resident citizens of Jacksonville, Calhoun County, Alabama. Ex. A, Compl. ¶ 1.

5.       Liberty National is now and was at the time Plaintiffs filed the Complaint a corporation organized under the laws of the State of Nebraska with its principal place of business located in the State of Texas.  Ex. A, Compl. ¶ 2.

6.       According to the Complaint's allegations, this lawsuit arises out of an alleged failure to fully reimburse medical costs associated with Plaintiff Sue Woods' cancer treatment.  Ex. A, Compl. ¶ 25.  Plaintiffs allege that they procured and paid monthly premiums on an insurance policy based on Liberty National's false representations that the policy would cover all of Sue Woods' cancer related treatment should she be diagnosed with cancer and undergo such treatment.  *Id.* at ¶ 11.  Plaintiffs also allege that they never received a copy of the subject policy. *Id*. at ¶ 15.  In February 2015, Sue Woods was diagnosed with cancer.  *Id*. at ¶ 16. Plaintiffs allege that they then began submitting claims for medical expenses and other costs arising out of Mrs. Wood's cancer totaling approximately $90,000.00, and that Liberty National has not reimbursed Mrs. Woods for the full amount of her medical expenses and costs. *Id*. at ¶¶ 17-20, 25.

7.       This suit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

## BASIS FOR REMOVAL

8. **This removal is timely**.

Plaintiffs served Liberty National with a copy of the Summons and Complaint on August 18, 2017.  This Notice of Removal is filed within 30 days of service upon Liberty National. *See* Ex. A, Return of Service; 28 U.S.C. § 1446(b).

9. **This Court has federal diversity jurisdiction over this case**.

A party seeking a federal venue must demonstrate that the federal court has jurisdiction over the case.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  As demonstrated below, this case is removable pursuant to 28 U.S.C. § 1441(a), because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

10. **There is complete diversity of citizenship**.

The parties are citizens of different States.  Plaintiffs are residents and citizens of the State of Alabama.  Ex. A, Compl. ¶ 1.  Defendant Liberty National is now and was at the time Plaintiffs filed the Complaint a corporation organized under the laws of the State of Nebraska with its principal place of business located in the State of Texas. Ex. A, Compl. ¶ 2. Other than fictitious defendants, whose citizenship is disregarded for purposes of determining federal jurisdiction, there are no other parties to this action.

11.     **The amount in controversy exceeds $75,000**.

Plaintiffs' Complaint does not contain a specific allegation as to the amount of their claimed damages. *See generally,* Ex. A. When the complaint does not state the amount in controversy, the Defendant's notice of removal may do so. 28 U.S.C. § 1446(c)(2)(A). The Defendant need only make a short and plain statement of the grounds for removal. *Dart Cherokee Basin Operating Company, LLC, et al. v. Owens*, 135 S. Ct. 547, 551 (2014) ("a statement 'short and plain' need not contain evidentiary submissions").

The amount in controversy in this matter exceeds the $75,000 jurisdictional threshold. This amount in controversy allegation should be accepted unless contested by Plaintiffs or questioned by the Court. *Dart,* 135 S. Ct. at 553; s*ee also id.* at 555 (pursuant to 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). Although evidence establishing the amount in controversy is not required at this stage under 28 U.S.C. § 1446(c)(2)(B), Liberty National shows the following:

a.      Plaintiffs allege that on or about August 10, 1987, a Liberty National agent represented to them that if they purchased the subject cancer insurance policy the policy would cover "all costs and expenses arising out of any cancer suffered by Sue after the Policy's inception." Ex. A,

5

Compl. ¶ 11.  Plaintiffs allege that they purchased the policy based on those representations without receiving a copy of the policy itself. *Id.* at ¶ 15.

b.    Plaintiffs allege that they paid $56,000 in total monthly premiums on the policy through the date of the Complaint. *Id.* at ¶ 14.  Plaintiffs allege that after Sue Woods was diagnosed with cancer in February 2015, she incurred more than $90,000 in medical fees and expenses associated with her cancer treatment.  *Id.* at ¶ 18.  Plaintiffs demanded that Liberty National reimburse them all costs and expenses arising out of Sue Woods' cancer.  *Id.* at ¶ 24.  Liberty National did not reimburse Plaintiffs the over $90,000 they requested.  *Id.* at ¶ 25.  Plaintiffs allege that Liberty National has only reimbursed them approximately $7,000. *Id.* at ¶ 19.

c.    As a result, Plaintiffs allege that "[Sue] has not received the full benefits of the Policy which is the basis of this Complaint, and her claims for insurance coverage have not been paid in full." *Id.* at ¶ 26(a).  Standing alone, the medical expenses Plaintiffs claim they are entitled to as reimbursement exceed the jurisdictional threshold set forth in 28 U.S.C. § 1332.

d.  Plaintiffs also allege that they have lost the value of all premiums paid, plus interest, and have "otherwise been financially injured and damaged."  *Id*. at ¶ 26(b), (c), (e).  Plaintiffs assert claims for breach of contract, false statements, reckless statements, mistaken false statements, deceit, promissory fraud, and rescission, seeking an award of compensatory and punitive damages to be determined by a jury, and a refund of all premiums paid by them. *See* Ex. A, Counts I, III-VII, XIII and a*d damnum*.

e.  The Court is not limited to actual damages in determining the amount in controversy.  *See Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010).  Plaintiffs seek damages for alleged mental anguish as well as punitive damages, both of which must be considered when determining the jurisdictional amount in controversy in diversity cases.  *See Renfroe v. Allstate Prop. & Cas. Ins. Co.*, 2010 U.S. Dist. LEXIS 111336, *12 (S.D. Ala. Sept. 23, 2010) (citing *Rae v. Perry*, 392 Fed. Appx. 753 (11th Cir. Aug. 16, 2010)).

f.  While Liberty National maintains that Plaintiffs are not entitled to any damages in this action and that punitive damages are not appropriate based on Plaintiffs' allegations, the amount in controversy is satisfied based on the averments of the Complaint.

g.   If, despite Plaintiffs' allegation that they seek the full amount of Sue Woods' medical costs and expenses, which to date they allege exceed $90,000, in addition to their allegations of mental anguish and their demand for punitive damages, Plaintiffs contest Liberty National's plausible allegation that the requisite amount in controversy is present, Liberty National requests the opportunity for both sides to submit proof so that the Court can decide, by a preponderance of the evidence, whether the requirement has been satisfied.  *See Dart,* 135 S. Ct. at 554; *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (if challenged, defendant may support the allegations contained in the Notice of Removal by supporting those allegations "with evidence combined with reasonable deductions, reasonable inferences or other extrapolations.").

12.   **Pleadings and process**.

Copies of all of the process and pleadings served upon Liberty National in this case are contained within the attached Exhibit A, which is a complete copy of the court file for Case No. 11-CV-2017-900449.00 in the Circuit Court of Calhoun County, Alabama.

13.    **Notice given**.

Notice of this removal is being filed with the Clerk of the Circuit Court of Calhoun County, Alabama as provided by law.  A copy of Liberty National's Notice of Filing Notice of Removal is attached hereto as Exhibit B.

14.    Nothing in this Notice shall be interpreted as a waiver or relinquishment of Liberty National's right to assert any defense or affirmative matter including any procedural or substantive defense available.

WHEREFORE, premises considered, Defendant Liberty National prays that this Court will consider this Notice of Removal as provided by the law governing removal of cases to this Court, make the proper orders to achieve the removal of this cause from the Circuit Court of Calhoun County, Alabama to this Court, and make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the said Circuit Court.

Respectfully submitted this 15th day of September, 2017.


/s/ *Sharon D. Stuart*
Sharon D. Stuart
Attorney for Defendant
Liberty National Life Insurance Company

**OF COUNSEL:**
CHRISTIAN & SMALL LLP
505 20th Street North, Suite 1800
Birmingham, AL 35203
(205) 795-6588
Fax (205) 328-7234
Email: sdstuart@csattorneys.com


## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, which sends electronic notification to Counsel of Record in this case, and that those not registered with the CM/ECF filing system for electronic notification have been served by U.S. Mail:

Daniel F. Johnson
Attorney for Plaintiffs
Post Office Box 1165
Dothan, Alabama 36302
(334) 792-5157


/s/ *Sharon D. Stuart*
OF COUNSEL